1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DARIUS SIMS,                                No.  2:16-cv-0204 AC P

12                Plaintiff,

13         v.                                     ORDER

14   JOE A. LIZARRAGA, et al,

15                Defendants.

16

17         Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18   has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Plaintiff alleges

19   violations of his rights under the First, Fourth, Eighth, and Fourteenth Amendments of the United

20   States Constitution.  ECF No. 1 at 4.  Plaintiff is seeking compensatory damages, punitive

21   damages, and expungement of false rules violation reports (RVRs).  Id.

22         I.      Application to Proceed In Forma Pauperis

23         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

24   1915(a).  ECF No. 3.  Accordingly, the request to proceed in forma pauperis will be granted.

25         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

26   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

27   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

28   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

                                         1

1   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

2   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

3   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

4   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

5   1915(b)(2).

6       II.      Statutory Screening of Prisoner Complaints

7           The court is required to screen complaints brought by prisoners seeking relief against a

8   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

9   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

10  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

11  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

12          A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

13  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

14  Cir. 1984).  "[A] judge may dismiss [in forma pauperis] claims which are 'based on indisputably

15  meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona,

16  885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on

17  other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000).  The critical

18  inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and

19  factual basis.  Id.

20          "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

21  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

22  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

23  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

24  However, in order to survive dismissal for failure to state a claim, a complaint must contain more

25  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

26  allegations sufficient "to raise a right to relief above the speculative level."  Id. (citations

27  omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that

28  merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in original)

1    (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d
2    ed. 2004)).

3        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
4    relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell
5    Atl. Corp., 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual
6    content that allows the court to draw the reasonable inference that the defendant is liable for the
7    misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556).  In reviewing a complaint
8    under this standard, the court must accept as true the allegations of the complaint in question,
9    Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading
10   in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v.
11   McKeithen, 395 U.S. 411, 421 (1969).

12       III.    Complaint

13       In his complaint, plaintiff alleges medical deliberate indifference, retaliation, denial of
14   access to the courts, violation of the Equal Protection Clause of the Fourteenth Amendment,
15   conspiracy under 42 U.S.C. § 1985, and supervisor liability against defendants Clark-Barlow,
16   Lizarraga, Davis, Cantu, Murphy, O'Connor, Moeckly, Green, Beasley, Sepulveda, Sisneroz,
17   Guzman, Ramm, Saechao, Ball, Lee, and Collins.  ECF No. 1 at 6-15.

18       IV.    Claims for Which a Response Will Be Required

19          A.  Medical Deliberate Indifference

20       "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate
21   must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091,
22   1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires plaintiff
23   to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition
24   could result in further significant injury or the unnecessary and wanton infliction of pain,'" and
25   (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal
26   quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

27       Deliberate indifference is established only where the defendant *subjectively* "knows of and
28   disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057

3

1  (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).  Deliberate

2  indifference can be established "by showing (a) a purposeful act or failure to respond to a

3  prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d

4  at 1096 (citation omitted).  Civil recklessness (failure "to act in the face of an unjustifiably high

5  risk of harm that is either known or so obvious that it should be known") is insufficient to

6  establish an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5

7  (1994) (citations omitted).

8        A difference of opinion between an inmate and prison medical personnel—or between

9  medical professionals—regarding appropriate medical diagnosis and treatment is not enough to

10  establish a deliberate indifference claim.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989);

11  Toguchi, 391 F.3d at 1058.  Additionally, "a complaint that a physician has been negligent in

12  diagnosing or treating a medical condition does not state a valid claim of medical mistreatment

13  under the Eighth Amendment.  Medical malpractice does not become a constitutional violation

14  merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

15                    i.  Defendant Clark-Barlow

16        According to plaintiff's complaint, defendant Nurse Practitioner Clark-Barlow allegedly

17  falsified information to disrupt medical care plaintiff was receiving from another physician.  ECF

18  No. 1 at 6.  She also instigated the confiscation of plaintiff's medication from his cell and plaintiff

19  subsequently did not have any medicine to alleviate his severe pain while at Mule Creek State

20  Prison (MCSP).  Id. at 6.

21        Here, plaintiff has allegedly experienced severe and unnecessary pain without medication.

22  Id.  Clark-Barlow allegedly provided falsified information, which constituted a purposeful act,

23  and her act of indifference harmed plaintiff and exacerbated his health.  Id.  As a nurse

24  practitioner, Clark-Barlow presumably knew, and then disregarded, the risk to plaintiff's health

25  and wellbeing that would result if he was taken off his medication.  Because harm was caused by

26  this purposeful act of indifference, plaintiff has a viable claim against defendant Clark-Barlow for

27  medical deliberate indifference and she will be required to respond to the claim.

28  ////

                                               4

ii.  Defendant Guzman

Plaintiff has also claimed that defendant Guzman deliberately interfered with his medical care and did not tell him about his medical appointments with the eye doctor.  ECF No. 1 at 13.  As a result, plaintiff missed his appointments, suffered unnecessary pain, and lost sight in his left eye.  Id.  Guzman's deliberate interference with plaintiff's treatment is sufficient to state a claim for relief and a response will be required.

B.  Retaliation

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted).

Here, plaintiff has claimed that defendants Sisneroz, Guzman, Saechao, and Collins retaliated against him by subjecting him to retaliatory cell searches and taking, or threatening to take, his items and medication.  ECF No. 1 at 11-15.  This retaliation was allegedly in response to plaintiff filing grievances against prison staff.  Id.  Plaintiff further alleges that each defendant expressed oral opposition to his protected conduct.  Some examples of expressed opposition include Guzman stating "I told you to stop writing those 602's or I will strip you of all your property and send you to the hold," and Collins stating to plaintiff, "You write 602's and I take your property."  Id. at 13-15.  Though cell searches and seizure of property in the cell are not constitutional violations in their own right, they are sufficient to constitute an adverse action if done for purposes of retaliation.  Packnett v. Wingo, 471 F. App'x 577, 578 (9th Cir. 2012) (district court's dismissal of prisoner's retaliation claim improper because he alleged his First Amendment rights were chilled when defendants searched his cell and seized his property in retaliation for filing grievances).  Accordingly, plaintiff adequately states a claim of retaliation against Sisneroz, Guzman, Saechao, and Collins.

////

////

V.      Failure to State a Claim

     A. Retaliation

         i.   Defendant Clark-Barlow

According to the complaint, Clark-Barlow asked Ramm and Collins to confiscate medication from plaintiff's cell.  ECF No. 1 at 13.  The request made by Clark-Barlow is not retaliatory on its face because plaintiff does not provide any evidence to suggest Clark-Barlow's actions were done because of plaintiff's protected conduct.  What is more, plaintiff does not specifically identify what "protected conduct" of his Clark-Barlow retaliated against.  Merely stating that Clark-Barlow had plaintiff's medication confiscated does not suffice as a First Amendment violation on its own and the claim will be dismissed.  However, because plaintiff may be able to allege additional facts to cure the defects with his allegations, he will be given leave to amend.  If plaintiff wishes to amend, he must state what specific protected conduct Clark-Barlow was retaliating against, as well as allege facts that show his protected conduct was the reason for Clark-Barlow's acts.

         ii.   Defendants Ramm, Ball, and Lee

Plaintiff fails to state claims of retaliation against defendants Ramm, Ball, and Lee because he only offers references to various grievances rather than explanations of these defendants' actions.  ECF No. 1 at 13-15.  What facts plaintiff does set forth in the complaint are disjointed and punctuated by references to various grievances; it is impossible to tell whether plaintiff has cobbled together facts from discreet incidents or whether the facts relate to the same incident or series of incidents.  Without understanding how plaintiff's facts relate to each other, the court is unable to find that plaintiff has stated a claim for retaliation.  Although the court will sometimes consider exhibits when screening a complaint, plaintiff has attached over two-hundred pages of exhibits and the court will not sift through his grievances in search of possible claims plaintiff may be trying to make.  If plaintiff chooses to amend this complaint, he will need to state his claims clearly and include them specifically in the actual complaint.  For example, if plaintiff claims Ramm retaliated against him then, without merely relying on attached grievances, he must explain what Ramm did to retaliate against him, what conduct Ramm was retaliating against him

6

1  for, and why he believes Ramm's actions were retaliatory.

2          B.  <u>Deliberate Indifference and Failure to Protect</u>

3        Plaintiff claims that Ramm and Collins took his medication at Clark-Barlow's direction.

4  ECF No. 1 at 13, 15.  However, it is unclear whether plaintiff is trying to state a separate claim

5  for deliberate indifference against Ramm and Collins, or whether the allegations are merely

6  intended to support his claim against Clark-Barlow.  "Prison officials are deliberately indifferent

7  to a prisoner's serious medical needs when they 'deny, delay or intentionally interfere with

8  medical treatment.'"  <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990) (quoting

9  <u>Hutchinson v. United States</u>, 838 F.2d 390, 394 (9th Cir. 1988)).  However, as currently pled, the

10  claim shows only that Ramm and Collins were following the directions given to them by medical

11  staff.  ECF No. 1 at 13, 15.  Plaintiff does not allege facts that would support finding the

12  confiscation was done with the knowledge that taking his medication away would put him at risk

13  of substantial harm, or with the intention of interfering with his medical treatment, especially in

14  light of the fact that confiscation was ordered by medical staff.

15        Plaintiff also makes a conclusory allegation that Ramm and Collins had him attacked by

16  another inmate.  While a person can deprive another of a constitutional right within the meaning

17  of § 1983 "not only by some kind of direct personal participation in the deprivation, but also by

18  setting in motion a series of acts by others which the actor knows or reasonably should know

19  would cause others to inflict the constitutional injury," <u>Johnson v. Duffy</u>, 588 F.2d 740, 743-44

20  (9th Cir. 1978), the claim is based solely on plaintiff's speculative belief and he has not provided

21  any facts that demonstrate these defendants were responsible for the assault, ECF No. 1 at 14.

22        Accordingly, any potential Eighth Amendment claims against these defendants will be

23  dismissed with leave to amend.

24          C.  <u>Supervisory Defendants</u>

25        "There is no respondeat superior liability under § 1983."  <u>Taylor v List</u>, 880 F.2d 1040,

26  1045 (9th Cir. 1989) (citation omitted).  To establish a case of supervisor liability, a plaintiff must

27  show facts to indicate that the supervisor defendant either: (1) personally participated in the

28  alleged deprivation of constitutional rights; (2) knew of the violations and failed to act to prevent

them; or (3) promulgated or "implement[ed] a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (quoting Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987)).  The foregoing standards for § 1983 supervisor liability claims must be read in light of the federal courts' liberal notice pleading requirements.  Federal Rule of Civil Procedure 8 simply requires that a pleading include a "short and plain statement of the claim showing that the pleader is entitled to relief."  The claimant does not have to set out in detail all the facts upon which a claim is based, but must provide a statement sufficient to put the opposing party on notice of the claim.

Plaintiff alleges supervisory liability against Lizarraga, Davis, Cantu, Murphy, O'Conner, Moeckly, Green, Beasley, and Sepulveda.  All of the claims are similar in that plaintiff alleges that he informed each individual of their subordinates' violations of his constitutional rights.  ECF No. 1 at 7, 8, 9, 10.  However, he fails to allege facts that explain both exactly what conduct he notified defendants of and whether the acts were continual or isolated occurrences.  Plaintiff has not provided enough information to show the supervisors knew that the acts against plaintiff constituted constitutional violations and that intervention was possible.  Therefore, plaintiff's claims of supervisory liability will be dismissed with leave to amend.

D.  § 1985 Conspiracy

> To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States.

Gillespie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980) (citing Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971)).  "[T]here must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."  Griffin, 403 U.S. at 102.  To state a claim under § 1985(3) for a non-race-based class, the Ninth Circuit requires "'either that the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or that Congress has indicated through legislation that the class required

8

1   special protection.'"  Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting

2   Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir. 1985)).  "[T]he absence of a section 1983

3   deprivation of rights precludes a section 1985 conspiracy claim predicated on the same

4   allegations."  Caldeira v. County of Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989) (citing Cassettari

5   v. Nevada County, 824 F.2d 735, 739 (9th Cir. 1987)).

6          Here, plaintiff's allegations of a conspiracy fail to state a claim upon which relief may be

7   granted.  There are no facts to support the presence of a race-based, discriminatory motive behind

8   defendants' actions, that plaintiff is a member of a suspect or quasi-suspect class, or that he is part

9   of a class that Congress has indicated requires special protection.  While prisoners can be

10  members of a protected class by virtue of their race, religion, or other recognized protected status,

11  the fact that plaintiff is a prisoner does not itself qualify him as a member of a protected class.

12  See Webber v. Crabtree, 158 F.3d 460, 461 (9th Cir. 1998); see also Pryor v. Brennan, 914 F.2d

13  921, 923 (7th Cir. 1990) ("Prisoners do not constitute a suspect class."); Moss v. Clark, 886 F.2d

14  686, 690 (4th Cir. 1989) ("The status of incarceration is neither an immutable characteristic, nor

15  an invidious basis of classification." (internal citations omitted)).

16         Though plaintiff presents his conspiracy claim under § 1985, it seems that he may actually

17  be trying to make a conspiracy claim under § 1983.  This requires proof of "an agreement or

18  meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir.

19  2002) (internal quotation marks omitted) (quoting United Steelworkers of Am. v. Phelps Dodge

20  Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989)), and that an "'actual deprivation of his

21  constitutional rights resulted from the alleged conspiracy,'" Hart v. Parks, 450 F.3d 1059, 1071

22  (9th Cir. 2006) (quoting Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989)).

23  "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but

24  each participant must at least share the common objective of the conspiracy.'"  Franklin, 312 F.3d

25  at 441 (quoting United Steelworkers, 865 F.2d at 1541).  Plaintiff must allege facts with sufficient

26  particularity to show an agreement or a meeting of the minds to violate the plaintiff's

27  constitutional rights.  Miller v. Cal. Dep't of Soc. Servs., 355 F.3d 1172, 1177 n.3 (9th Cir. 2004)

28  (citing Woodrum, 866 F.2d at 1126).  The mere statement that defendants "conspired" or acted

1   "in retaliation" is not sufficient to state a claim.  "Threadbare recitals of the elements of a cause of

2   action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.

3       The Ninth Circuit requires a plaintiff alleging a conspiracy to violate civil rights to "state

4   specific facts to support the existence of the claimed conspiracy."  Olsen v. Idaho State Bd. of

5   Med., 363 F.3d 916, 929 (9th Cir. 2004) (citation and internal quotation marks omitted)

6   (discussing conspiracy claim under § 1985); Burns v. County of King, 883 F.2d 819, 821 (9th

7   Cir. 1989) ("To state a claim for conspiracy to violate one's constitutional rights under section

8   1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy."

9   (citation omitted)).

10      Here, plaintiff's allegations of a conspiracy fail to state a claim upon which relief may be

11  granted because his claims are merely speculative.  He has made many claims against numerous

12  defendants and connects them to a conspiracy merely by his assertion.  There is absolutely no

13  indication of any agreement between any of the defendants, as mere joint employment by the

14  California Department of Corrections and Rehabilitation is insufficient to establish the common

15  objective required for a conspiracy.  The conspiracy claim will therefore be dismissed with leave

16  to amend.  If plaintiff chooses to amend this claim he will need to allege facts showing that a

17  conspiracy existed.  For example, if he knows of communications between or statements made by

18  defendants regarding the alleged conspiracy or has other reasons to believe there was a

19  conspiracy, he should include that information in the amended complaint.

20          E.  Equal Protection

21      Plaintiff alleges general violations of the Equal Protection Clause because of staff

22  confiscating his personal property and ignoring his medical needs.  ECF No. 1 at 6.

23  "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny

24  to any person within its jurisdiction the equal protection of the laws,' which is essentially a

25  direction that all persons similarly situated should be treated alike."  City of Cleburne v. Cleburne

26  Living Ctr., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)).  "'To state

27  a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth

28  Amendment a plaintiff must show that the defendants acted with an intent or purpose to

10

discriminate against the plaintiff based upon membership in a protected class.'" <u>Furnace v. Sullivan</u>, 705 F.3d 1021, 1030 (9th Cir. 2013) (quoting <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998)).  Alternatively, plaintiff can show "that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000) (citations omitted). "Similarly situated" persons are those "who are in all relevant respects alike." <u>Nordlinger v. Hahn</u>, 505 U.S. 1, 10 (1992) (citations omitted).  The rationale is that "[w]hen those who appear similarly situated are nevertheless treated differently, the Equal Protection Clause requires at least a rational reason for the difference, to ensure that all persons subject to legislation or regulation are indeed being 'treated alike, under like circumstances and conditions.'" <u>Engquist v. Or. Dep't of Agric.</u>, 553 U.S. 591, 602 (2008).

Here, plaintiff does not allege facts showing that he is a member of a protected class, fails to show he was treated differently by any defendant from similarly situated inmates, and does not provide facts demonstrating any intent to discriminate.  However, since he may be able to provide additional facts that would show his right to equal protection was violated, this claim will be dismissed with leave to amend.

F.  <u>Denial of Access to the Courts</u>

Under the First and Fourteenth Amendments to the Constitution, state inmates have a "'fundamental constitutional right of access to the courts.'" <u>Lewis v. Casey</u>, 518 U.S. 343, 346 (1996) (quoting <u>Bounds v. Smith</u>, 430 U.S. 817, 828 (1977)).  The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. <u>Id.</u> at 354.  Plaintiff alleges that his right to access the courts is being interfered with by prison staff.  However, he does not provide any relevant facts regarding the claims he is trying to pursue or denoting who is obstructing his access to the court nor how this is being done such that he sufficiently states a claim.  ECF No. 1 at 5.  Therefore, plaintiff's claim of denial of access to the courts will be dismissed with leave to amend.

If plaintiff chooses to amend the complaint, he should keep in mind that to state a claim for denial of access to the courts he must show a frustration or hindrance of "a litigating

11

1 opportunity yet to be gained" (forward-looking access claim) or the loss of a meritorious suit that

2 cannot now be tried (backward-looking claim).  Christopher v. Harbury, 536 U.S. 403, 412-15

3 (2002).  For backward-looking claims, plaintiff "must show: 1) the loss of a 'nonfrivolous' or

4 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that

5 may be awarded as recompense but that is not otherwise available in a future suit."  Phillips v.

6 Hust, 477 F.3d 1070, 1076 (9th Cir. 2007) (citing Christopher, 536 U.S. at 413-14), vacated on

7 other grounds by Hust v. Phillips, 555 U.S. 1150 (2009).

8      To have standing to bring this type of claim, plaintiff must also allege he suffered an

9 actual injury.  Lewis, 518 U.S. at 351-52; Vandelft v. Moses, 31 F.3d 794, 798 (9th Cir. 1994).

10 To succeed, a prisoner must have been denied the necessary tools to litigate a non-frivolous claim

11 attacking a conviction, sentence, or conditions of confinement.  Christopher, 536 U.S. at 415;

12 Lewis, 518 U.S. at 353 & n.3.  Plaintiff need not show that he would have been successful on the

13 merits of his claims, but only that they were not frivolous.  Allen v. Sakai, 48 F.3d 1082, 1085 &

14 n.12 (9th Cir. 1994).  A claim "is frivolous where it lacks an arguable basis either in law or in

15 fact."  Neitzke, 490 U.S. at 325.  The Ninth Circuit has emphasized that "[a] prisoner need not

16 show, ex post, that he would have been successful on the merits had his claim been considered.

17 To hold otherwise would permit prison officials to substitute their judgment for the courts' and to

18 interfere with a prisoner's right to court access on the chance that the prisoner's claim would

19 eventually be deemed frivolous."  Allen, 48 F.3d at 1085.  To properly plead a denial of access to

20 the courts claim, "the complaint should state the underlying claim in accordance with Federal

21 Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain

22 statement should describe any remedy available under the access claim and presently unique to

23 it."  Christopher, 536 U.S. at 417-18 (footnote omitted).

24     VI.   Leave to Amend

25      For the reasons set forth above, the court finds that the complaint states claims for

26 deliberate indifference against defendants Clark-Barlow and Guzman and for retaliation against

27 defendants Guzman, Sisneroz, Saechao, and Collins.  All other claims against these defendants

28 and all claims against defendants Lizarraga, Davis, Cantu, Murphy, O'Connor, Moeckly, Green,

Beasley, Sepulveda, Ramm, Ball, and Lee fail.  However, it appears that plaintiff may be able to allege facts to remedy this, and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendants Clark-Barlow, Guzman, Sisneroz, Saechao, and Collins on his claim identified above in Section IV, or he may delay serving any defendant and amend the complaint to attempt to fix the problems with his other claims.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint.  If plaintiff elects to proceed on his cognizable claims against defendants Clark-Barlow, Guzman, Sisneroz, Saechao, and Collins without amending the complaint, the court will send him the necessary forms for service of the complaint and the other claims against those defendants and the claims against defendants Lizarraga, Davis, Cantu, Murphy, O'Connor, Moeckly, Green, Beasley, Sepulveda, Ramm, Ball, and Lee will remain dismissed without prejudice.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson, 588 F.2d at 743.  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims

13

1  dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent

2  amended complaint to preserve appeal).  Once plaintiff files an amended complaint, the original

3  complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in

4  an original complaint, each claim and the involvement of each defendant must be sufficiently

5  alleged.

6        Finally, the complaint makes a number of claims against numerous individuals involving

7  events that span a period of more than three years.  ECF No. 1.  If plaintiff decides to amend the

8  complaint, he is advised that he may join (include in a single complaint) multiple claims if they

9  are all against a single defendant, Fed. R. Civ. P. 18(a), and joinder of defendants is only

10  permitted if "any right to relief is asserted against them . . . with respect to or arising out of the

11  same transaction, occurrence, or series of transactions or occurrences; and any question of law or

12  fact common to all defendants will arise in the action," Fed. R. Civ. P. 20.  In other words, joining

13  more than one claim is only proper when it is against one defendant, and joining multiple

14  defendants in one complaint is only proper when the claims against them are based on the same

15  facts.

16      VII.   <u>Conclusion</u>

17        Plaintiff has stated viable claims of medical deliberate indifference against Clark-Barlow

18  and Guzman and claims of retaliation against Sisneroz, Guzman, Saechao, and Collins.  All other

19  claims plaintiff has made are dismissed with leave to amend.  Plaintiff can either proceed with the

20  claims that have survived screening or amend his complaint to try and fix the problems with his

21  other claims.

22      VIII.   <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

23        Your request to proceed in forma pauperis is granted and you are not required to pay the

24  entire filing fee immediately.

25        If you want, you can either (1) proceed immediately on your claims which survived

26  screening, which include your claims of medical deliberate indifference against Clark-Barlow

27  and Guzman and your claims of retaliation against Sisneroz, Guzman, Saechao, and Collins, or

28  (2) you can try to amend the complaint to fix the problems with your other claims.  If you decide

14

to amend the complaint, you must properly join all defendants and all claims.  If you want to go forward without amending the complaint, all of your claims against defendants Ramm, Ball, Lee, Lizarraga, Davis, Cantu, Murphy, O'Conner, Moeckly, Green, Beasley, and Sepulveda will remain dismissed without prejudice.  Additionally, any claims against Clark-Barlow, Sisneroz, Guzman, Saechao, and Collins, other than those specifically identified as stating a claim, will also remain dismissed without prejudice.  If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint.  In other words, the court will not consider any claims that are not in the first amended complaint.  You must complete the attached notification showing what you want to do and return it to the court.  Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or complete and return service paperwork).

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request to proceed in forma pauperis (ECF No. 3) is granted

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  All of plaintiff's claims against defendants Ramm, Ball, Lee, Lizarraga, Davis, Cantu, Murphy, O'Conner, Moeckly, Green, Beasley, and Sepulveda and any claims against defendants Clark-Barlow, Sisneroz, Guzman, Saechao, and Collins not identified in Section IV are dismissed with leave to amend.

4.  Plaintiff has the option to proceed immediately on his deliberate indifference claims against defendants Clark-Barlow and Guzman and his retaliation claims against defendants Sisneroz, Guzman, Saechao, and Collins, as set forth in Section IV above, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint.

DATED: July 24, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                      FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9    DARIUS SIMS,                              No.  2:16-cv-0204 AC P

10                  Plaintiff,

11        v.                                   PLAINTIFF'S NOTICE ON HOW TO
                                               PROCEED
12   JOE A. LIZARRAGA, et al.,

13                  Defendants.

14

15        Check one:

16   _____ Plaintiff wants to proceed immediately on his deliberate indifference claims against

17        defendants Clark-Barlow and Guzman and his retaliation claims against defendants

18        Sisneroz, Guzman, Saechao, and Collins, as set forth in Section IV of the screening order,

19        without amending the complaint.  Plaintiff understands that going forward without

20        amending the complaint means that his claims against defendants Ramm, Ball, Lee,

21        Lizarraga, Davis, Cantu, Murphy, O'Conner, Moeckly, Green, Beasley, and Sepulveda,

22        and any other claims he was trying to bring against defendants Clark-Barlow, Guzman,

23        Sisneroz, Saechao, and Collins will remain dismissed without prejudice.

24

25   _____ Plaintiff wants to amend the complaint.

26   DATED:_____          _____

27                                           DARIUS SIMS
                                             Plaintiff pro se
28

                                            1