UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIUS SIMS, | No. 2:16-cv-0204 AC P |
| Plaintiff, | |
| v. | ORDER |
| JOE A. LIZARRAGA, et al, | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. After screening the original complaint, the court gave plaintiff the option of proceeding on some of his claims or amending the complaint. ECF No. 18 at 15. Plaintiff chose to amend the complaint. ECF No. 21 at 2; ECF No. 23. Currently before the court is plaintiff's first amended complaint. ECF No. 24.

I. <u>First Amended Complaint</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

////

1

The original complaint cited to a number of prisoner appeals, which were attached as exhibits and exceeded two hundred pages. ECF Nos. 1, 2. Although plaintiff was advised that the court would not comb through his exhibits in search of possible claims, the amended complaint cites only six of the appeals attached to the original complaint and the court has therefore also considered those appeals in screening the amended complaint.[1]

The first amended complaint once again makes a variety of allegations against defendants Lizarraga, Davis, Clark-Barlow, Cantu, Murphy, O'Conner, Moeckly, Green, Beasley, Sepulveda, Sisneroz, Guzman, Ramm, Saechao, Ball, Lee, and Collins. ECF No. 24 at 4-7. Specifically, plaintiff alleges that Lizarraga, Davis, Cantu, Murphy, O'Conner, Moeckly, Green, Beasley, and Sepulveda conspired to allow a policy and practice of retaliation and are liable for the conduct of their subordinates and for failing to intervene. Id. at 4-6, 8-10. Murphy, O'Conner, Moeckly, Green, Beasley, and Sepulveda also allegedly violated plaintiff's due process rights in relation to disciplinary hearings because they were not impartial decision makers. Id. at 9. Clark-Barlow allegedly violated plaintiff's Eighth Amendment rights when she interfered with his medical treatment and directed Ramm and Collins or Ramm and Ball to confiscate his medication, which resulted in plaintiff being sent to the hospital. Id. at 4, 9. Plaintiff further asserts that Guzman interfered with his medical treatment by refusing to tell him about an appointment with an outside eye doctor. Id. at 6. As a result, plaintiff missed his appointment and lost sight in his eye. Id. Finally, plaintiff alleges that Ramm, Ball, Collins, Sisneroz, Guzman, and Lee had him attacked by other inmates in retaliation for filing grievances (id. at 7-8) and that Ramm, Ball, Saechao, Lee, Guzman, Sisneroz, and Collins subjected him to retaliatory cell searches property confiscations (id. at 7, 9).

////

////

////

---

[1] The six appeals cited by plaintiff are MCSP HC 14045317 (ECF No. 1 at 28-40); MCSP 15-A-01548 (ECF No. 2 at 22-25); MCSP A-14-01786 (id. at 63-73); MCSP A-15-01887 (id. at 13-21, 98-118); MCSP A-15-02776 (id. at 5-12, 93, 95-97); and MCSP A-14-01788 (id. at 129-39, 143-53). ECF No. 24 at 7.

II. <u>Claims for Which a Response Will Be Required</u>

    A. <u>Medical Deliberate Indifference</u>

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." <u>Id.</u> (some internal quotation marks omitted) (quoting <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." <u>Jett</u>, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. <u>Farmer v. Brennan</u>, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

        i. <u>Defendant Clark-Barlow</u>

According to plaintiff's complaint, defendant Clark-Barlow, who is a nurse practitioner, deliberately "went against" the medical treatment ordered by Dr. Hawkins, which resulted in plaintiff being sent to the hospital. ECF No. 24 at 9; ECF No. 1 at 30-33. She also directed either defendants Ramm and Collins or Ramm and Ball to confiscate plaintiff's medication from his cell, which led to plaintiff being sent to the hospital. ECF No. 24 at 4, 7; ECF No. 1 at 30, 33.

Plaintiff allegedly experienced severe and unnecessary pain without his medication, and Clark-Barlow's interference with his prescribed treatment and medications resulted in hospitalizations. ECF No. 24 at 4, 9; ECF No. 1 at 30-33. As a nurse practitioner, Clark-Barlow presumably knew, and then disregarded, the risk to plaintiff's health and wellbeing that would

3

result from her actions. Accordingly, plaintiff has stated a viable claim against defendant Clark-Barlow for deliberate indifference to his serious medical needs and she will be required to respond to the claim.

### ii. Defendant Guzman

Plaintiff has claimed that defendant Guzman deliberately interfered with his medical care by not telling him about his appointments with the eye doctor. ECF No. 24 at 6. As a result, plaintiff missed his appointments, suffered unnecessary pain, and lost sight in his left eye. Id. These allegations are sufficient at the screening stage to state a claim for relief against Guzman, who will be required to respond to the complaint.

## B. Failure to Protect

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer, 511 U.S.at 832 (internal quotation marks and citations omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Then he must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847. Mere negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

### i. Defendants Ramm, Ball, Collins, Sisneroz, Guzman, and Lee

A person can deprive another of a constitutional right within the meaning of § 1983 "not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).

4

Plaintiff alleges that Ramm, Ball, and Collins had him attacked by another inmate in the dayroom on July 20, 2014. ECF No. 24 at 7-8. He further asserts that the attack took place in front of Ramm and Ball and they did nothing to stop it. Id. at 7. It is not clear whether Collins also witnessed the assault. Id. These allegations are sufficient at the screening stage to state a claim for failure to protect against Ramm, Ball, and Collins and they will be required to respond to the claim.

Plaintiff also alleges that defendants Sisneroz, Guzman, and Lee had him attacked twice in his cell and references Appeal No. MCSP-A-15-01887. Id. at 7-8. Based on a review of the appeal, the court can infer that plaintiff is claiming that these defendants instigated the attacks by telling the other inmates things that put plaintiff's life in danger, like that he was "a child molester, a snitch, that [he wrote] 602s' on staff, that [he had] many health issues – HIV, AIDS, Hep C, heart problems, and etc." ECF No. 2 at 110, 118. These allegations are sufficient to state a claim and these defendants will be required to respond to the complaint.

### C. Retaliation

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted).

#### i. Defendant Clark-Barlow

It appears that plaintiff is also attempting to allege that Clark-Barlow's disruption of his treatment was retaliatory. Although the amended complaint does not identify the protected conduct that motivated the retaliation, Appeal No. MCSP HC 14045317 states that Clark-Barlow's interference with his treatment was motivated by and began after his initiation of a lawsuit against doctors at the prison. ECF No. 1 at 32-33. These allegations are sufficient to state a claim for retaliation against Clark-Barlow.

#### ii. Defendants Ramm, Ball, Saechao, Lee, Guzman, Sisneroz, and Collins

Plaintiff alleges that that defendants Ramm, Ball, Saechao, Lee, Guzman, Sisneroz, and

5

Collins subjected him to cell searches and property confiscations in retaliation for filing grievances and a lawsuit (id. at 7, 9), and that, with the exception of Saechao, these defendants also had him attacked by other inmates in retaliation for filing grievances (id. at 7-8). Plaintiff alleges that numerous statements were made by the defendants that demonstrated their conduct was motivated by plaintiff's filing of numerous grievances or his filing of a lawsuit against medical providers. ECF No. 24 at 7-9; ECF No. 1 at 12-15; ECF No. 2 at 5-25, 63-73, 93-118, 129-39, 143-53. These allegations are sufficient to state a claim for retaliation and Ramm, Ball, Saechao, Lee, Guzman, Sisneroz, and Collins will be required to respond to the allegations.

   iii. Defendants Lizarraga, Davis, Cantu, Murphy, O'Conner, Moeckly, Green, Beasley, and Sepulveda

Plaintiff alleges that he informed defendants Lizarraga, Davis, Cantu, Murphy, O'Conner, Moeckly, Green, Beasley, and Sepulveda, either in person or through grievances and letters, of the ongoing retaliation being carried out by the other defendants and the retaliatory interference with his legal mail being carried out by other staff members. ECF No. 24 at 4-10. As supervisors, these defendants presumably had the authority to intervene but refused to do so. Id. A supervisor can be "liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although it does not appear that these defendants directly participated in or directed the violations, plaintiff has sufficiently alleged that they failed to intervene despite having both knowledge of the retaliatory conduct and an opportunity to put a stop to it. Accordingly, these allegations are sufficient at the screening stage to state a claim for retaliation and these defendants will be required to respond.

III.  Failure to State a Claim

  A. Deliberate Indifference

"Prison officials are deliberately indifferent to a prisoner's serious medical needs when they 'deny, delay or intentionally interfere with medical treatment.'" Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)).

Plaintiff claims that Ramm and Collins (or possibly Ramm and Ball) took his medication at Clark-Barlow's direction. ECF No. 24 at 4, 7. However, as in the original complaint, the claim shows only that the officers were following the directions given to them by medical staff. Id. There are once again no facts that would support finding the confiscation was done with the knowledge that taking plaintiff's medication away would put him at risk of substantial harm or with the intention of interfering with his medical treatment. Plaintiff's conclusory assertion that the confiscation was "cruel and unusual punishment and retaliatory behavior," is insufficient to state a viable claim and the claim for deliberate indifference against Ramm, Collins, and Ball is not sufficient to proceed.

### B. Conspiracy

> To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States.

Gillespie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980) (citing Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971)). "[T]here must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin, 403 U.S. at 102. To state a claim under § 1985(3) for a non-race-based class, the Ninth Circuit requires "'either that the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection.'" Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir. 1985)). "[T]he absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations." Caldeira v. County of Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989) (citing Cassettari v. Nevada County, 824 F.2d 735, 739 (9th Cir. 1987)).

Plaintiff alleges that Lizarraga, Davis, Cantu, Murphy, O'Conner, Moeckly, Green, Beasley, and Sepulveda conspired to allow their subordinates to carry out various forms of retaliation against plaintiff for filing grievances. ECF No. 24 at 8, 10. However, his allegations

of a conspiracy under § 1985 once again fail to state a claim upon which relief may be granted. In screening the original complaint, the court specifically advised that a claim for § 1985 conspiracy could not proceed unless the defendants had a race-based, discriminatory motive or were discriminating against plaintiff because he was a part of a suspect or quasi-suspect class or a class that Congress has indicated requires special protection. ECF No. 18 at 8-9. However, the amended complaint does not allege that the conspiracy to violate his rights was motivated by plaintiff's race or membership in some other protected class. ECF No. 24 at 8, 10. Instead, plaintiff alleges that the motivation was retaliation for his filing of complaints and to keep him from filing additional complaints. Id. Plaintiff's claim for conspiracy under § 1985 therefore fails.

As the court noted in screening the original complaint, plaintiff's claim under § 1985 appears more likely to be a claim for conspiracy under § 1983. ECF No. 18 at 9. Conspiracy under § 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (internal quotation marks omitted) (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989)), and that an "'actual deprivation of his constitutional rights resulted from the alleged conspiracy,'" Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steelworkers, 865 F.2d at 1541). Plaintiff must allege facts with sufficient particularity to show an agreement or a meeting of the minds to violate the plaintiff's constitutional rights. Miller v. Cal. Dep't of Soc. Servs., 355 F.3d 1172, 1177 n.3 (9th Cir. 2004) (citing Woodrum, 866 F.2d at 1126). The mere statement that defendants "conspired" or acted "in retaliation" is not sufficient to state a claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007)).

////

The Ninth Circuit requires a plaintiff alleging a conspiracy to violate civil rights to "state specific facts to support the existence of the claimed conspiracy." Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 929 (9th Cir. 2004) (citation and internal quotation marks omitted) (discussing conspiracy claim under § 1985); Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989) ("To state a claim for conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." (citation omitted)).

Plaintiff's allegations of conspiracy under § 1983 once again fail to state a claim because his allegations are conclusory and merely speculative. Though he uses phrases like "unity of purpose," "common decision and understanding," "meeting of the minds," and "unlawful agreement" (ECF No. 24 at 8), he does not provide any specific facts that show defendants had an agreement to allow their subordinates to continue retaliating against him. Once again, there is absolutely no indication of any agreement between any of the defendants, as mere joint employment by the California Department of Corrections and Rehabilitation is insufficient to establish the common objective required for a conspiracy. Rather, plaintiff states in conclusory fashion that defendants' "actions of misconduct, threats, abuse and their statements show that these defendants ha[ve] had conversations with the warden." Id. at 10. He further alleges that there must be a conspiracy because he has worked in private law enforcement and therefore knows that "this behavior in a setting of prison authority shows someone delegated the idea to enforce obedience." Id. The fact that the warden may have had conversations with his subordinate captains, lieutenants, and sergeants, without more, does not establish that they entered into an agreement to violate plaintiff's rights, nor does plaintiff's speculation that such an agreement exist provide the necessary factual basis to support a claim for conspiracy. Plaintiff's conspiracy claims is not sufficient to proceed.

C. Denial of Access to the Courts

Under the First and Fourteenth Amendments to the Constitution, state inmates have a "'fundamental constitutional right of access to the courts.'" Lewis v. Casey, 518 U.S. 343, 346 (1996) (quoting Bounds v. Smith, 430 U.S. 817, 828 (1977)). The right is limited to direct

9

criminal appeals, habeas petitions, and civil rights actions. Id. at 354. To state a claim for denial of access to the courts he must show a frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). For backward-looking claims, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007) (citing Christopher, 536 U.S. at 413-14), vacated on other grounds by Hust v. Phillips, 555 U.S. 1150 (2009).

To have standing to bring this type of claim, plaintiff must also allege he suffered an actual injury. Lewis, 518 U.S. at 351-52; Vandelft v. Moses, 31 F.3d 794, 798 (9th Cir. 1994). To succeed, a prisoner must have been denied the necessary tools to litigate a nonfrivolous claim attacking a conviction, sentence, or conditions of confinement. Christopher, 536 U.S. at 415; Lewis, 518 U.S. at 353 & n.3. Plaintiff need not show that he would have been successful on the merits of his claims, but only that they were not frivolous. Allen v. Sakai, 48 F.3d 1082, 1085 & n.12 (9th Cir. 1994). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325. The Ninth Circuit has emphasized that

> [a] prisoner need not show, ex post, that he would have been successful on the merits had his claim been considered. To hold otherwise would permit prison officials to substitute their judgment for the courts' and to interfere with a prisoner's right to court access on the chance that the prisoner's claim would eventually be deemed frivolous.

Allen, 48 F.3d at 1085. To properly plead a denial of access to the courts claim, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." Christopher, 536 U.S. at 417-18 (footnote omitted).

Plaintiff alleges that his right to access the courts was interfered with by prison staff who failed to send out his legal mail for several months. ECF No. 24 at 8. However, the complaint

does not include any facts regarding the underlying claims plaintiff was trying to pursue, identifying who was obstructing his access to the court, or what injury he suffered. Therefore, plaintiff's claim of denial of access to the courts may not proceed.

   D. Due Process

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citation omitted). However, an inmate subject to disciplinary sanctions that include the loss of good-time credits must receive (1) twenty-four-hour advanced written notice of the charges against him, id. at 563-64; (2) "a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action," id. at 564-65 (internal quotation marks and citation omitted); (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a sufficiently impartial fact finder, id. at 570-71. A finding of guilt must also be "supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985).

Plaintiff alleges that there are no fair disciplinary hearings because defendants Murphy, O'Conner, Moeckly, Green, Beasley, and Sepulveda are not impartial decision makers. ECF No. 24 at 9. With the exception of adding the defendants' names, this claim is identical to the vague and conclusory allegations of the original complaint. ECF No. 1 at 5. There are no facts to show that each of these defendants found plaintiff guilty of a rules violation, as opposed to merely upholding the appeal of a guilty decision. Nor are there facts setting forth what disciplinary sanctions plaintiff was assessed, making it impossible to determine whether he lost good time credits or was otherwise subject to an atypical and significant hardship such that he would be entitled to due process protections. These claims should therefore be dismissed.

   E. Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state cognizable claims against (1) Ramm, Collins, and Ball for deliberate indifference; (2) Lizarraga,

11

Davis, Cantu, Murphy, O'Conner, Moeckly, Green, Beasley, and Sepulveda for conspiring to allow retaliation by their subordinates; (3) unspecified individuals for denial of access to the courts; and (4) Murphy, O'Conner, Moeckly, Green, Beasley, and Sepulveda for denial of due process in connection with disciplinary hearings. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given one final opportunity to amend the complaint if he desires.

On the other hand, if plaintiff wishes to voluntarily dismiss the claims that the court has found defective, he may proceed forthwith to serve (1) Clark-Barlow and Guzman on the claims that they were deliberately indifferent to his serious medical needs; (2) Ramm, Ball, Collins, Sisneroz, Guzman, and Lee on the claims that they failed to protect him; and (3) Clark-Barlow, Ramm, Ball, Saechao, Lee, Guzman, Sisneroz, Collins, Lizarraga, Davis, Cantu, Murphy, O'Conner, Moeckly, Green, Beasley, and Sepulveda on the claims that they retaliated against him for filing grievances and a lawsuit.

If plaintiff chooses to file an amended complaint, the court will defer ordering service until an amended complaint is filed and screened.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, this will be his final opportunity to do so and he will be given thirty days to file an amended complaint. If plaintiff wishes to voluntarily dismiss the claims that have been found defective, instead of trying again to amend them, the court will proceed to order service of the first amended complaint. In that case plaintiff will voluntarily dismiss without prejudice the claims against (1) Ramm, Collins, and Ball for deliberate indifference; (2) Lizarraga, Davis, Cantu, Murphy, O'Conner, Moeckly, Green, Beasley, and Sepulveda for conspiring to allow retaliation by their subordinates; (3) unspecified individuals for denial of access to the courts; and (4) Murphy, O'Conner, Moeckly, Green, Beasley, and Sepulveda for denial of due process in connection with disciplinary hearings.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named

12

defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, any previous complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

    IV.    <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Some of the allegations in the complaint state claims against the defendants and some do not. You have successfully stated claims against (1) Clark-Barlow and Guzman for deliberate indifference to your serious medical needs; (2) Ramm, Ball, Collins, Sisneroz, Guzman, and Lee for failing to protect you; and (3) Clark-Barlow, Ramm, Ball, Saechao, Lee, Guzman, Sisneroz, Collins, Lizarraga, Davis, Cantu, Murphy, O'Conner, Moeckly, Green, Beasley, and Sepulveda for retaliation due to your filing of grievances and a lawsuit.

Your claims against (1) Ramm, Collins, and Ball for deliberate indifference; (2) Lizarraga, Davis, Cantu, Murphy, O'Conner, Moeckly, Green, Beasley, and Sepulveda for conspiring to allow retaliation by their subordinates; (3) unspecified individuals for denial of access to the courts; and (4) Murphy, O'Conner, Moeckly, Green, Beasley, and Sepulveda for denial of due process in connection with disciplinary hearings do not state claims for relief.

You have two options:

**Option One:** You may proceed immediately on your claims against (1) Clark-Barlow and Guzman for deliberate indifference to your serious medical needs; (2) Ramm, Ball, Collins, Sisneroz, Guzman, and Lee for failing to protect you; and (3) Clark-Barlow, Ramm, Ball, Saechao, Lee, Guzman, Sisneroz, Collins, Lizarraga, Davis, Cantu, Murphy, O'Conner, Moeckly, Green, Beasley, and Sepulveda for retaliation due to your filing of grievances and a lawsuit, and withdraw your other claims. In other words, you would voluntarily dismiss your claims against (1) Ramm, Collins, and Ball for deliberate indifference; (2) Lizarraga, Davis, Cantu, Murphy, O'Conner, Moeckly, Green, Beasley, and Sepulveda for conspiring to allow retaliation by their subordinates; (3) unspecified individuals for denial of access to the courts; and (4) Murphy, O'Conner, Moeckly, Green, Beasley, and Sepulveda for denial of due process in connection with disciplinary hearings.

**Option Two:** You may amend the complaint one last time to try to fix the problems with the defective claims. If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. **Any claims not in the amended complaint will not be considered and this will be your last chance to try to amend the complaint.**

You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for service).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff has the option to either (**Option One**) proceed immediately on his claims against defendants (1) Clark-Barlow and Guzman for deliberate indifference to his serious medical needs; (2) Ramm, Ball, Collins, Sisneroz, Guzman, and Lee for failure to protect; and (3) Clark-Barlow, Ramm, Ball, Saechao, Lee, Guzman, Sisneroz, Collins, Lizarraga, Davis, Cantu, Murphy, O'Conner, Moeckly, Green, Beasley, and Sepulveda for retaliation for filing grievances

////

14

2. and a lawsuit as set forth in Section II above, and voluntarily dismiss all other claims without prejudice; or (**Option Two**) amend the complaint.

3. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a second amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the claims against (1) Ramm, Collins, and Ball for deliberate indifference; (2) Lizarraga, Davis, Cantu, Murphy, O'Conner, Moeckly, Green, Beasley, and Sepulveda for conspiring to allow retaliation by their subordinates; (3) unspecified individuals for denial of access to the courts; and (4) Murphy, O'Conner, Moeckly, Green, Beasley, and Sepulveda for denial of due process in connection with disciplinary hearings.

DATED: February 11, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIUS SIMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOE A. LIZARRAGA, et al.,<br><br>　　　　　Defendants. | No. 2:16-cv-0204 AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

　　Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his claims against defendants (1) Clark-Barlow and Guzman for deliberate indifference to his serious medical needs; (2) Ramm, Ball, Collins, Sisneroz, Guzman, and Lee for failure to protect; and (3) Clark-Barlow, Ramm, Ball, Saechao, Lee, Guzman, Sisneroz, Collins, Lizarraga, Davis, Cantu, Murphy, O'Conner, Moeckly, Green, Beasley, and Sepulveda for retaliation for filing grievances and a lawsuit without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his claims against defendants (1) Ramm, Collins, and Ball for deliberate indifference; (2) Lizarraga, Davis, Cantu, Murphy, O'Conner, Moeckly, Green, Beasley, and Sepulveda for conspiring to allow retaliation by their subordinates; (3) unspecified individuals for denial of access to the courts; and (4) Murphy, O'Conner, Moeckly, Green, Beasley, and Sepulveda for denial of due process in connection with disciplinary hearings.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Darius Sims
　　　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se

1